# EXHIBIT O

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                                                                            **NOTICE OF**
                                                                            **APPLICATION**
                                                                            C.P.L. § 460.15

                            against                             **Westchester County**
                                                                            Ind. No. 97-0765-02

LAMONT DEVORCE,
                                Defendant-Appellant.
----------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that the above-named defendant will move this Court pursuant to C.P.L. § 460.15, and Rule 670.12(b)(1) of this Court's rules, at 9 O'clock in the forenoon on the 6th day of August 2004, at the Courthouse located at 45 Monroe Place, Brooklyn, New York 11201, for an order granting a certificate to appeal from an order dated 7/13/04, denying defendant's C.P.L. § 440.20(2) motion to set aside his sentence, where consecutive sentences were imposed in violation of his constitutional right to a jury trial. See Apprendi v. New Jersey, 530 U.S. 466 (2000); see also Blakely v. Washington, __ U.S. __ (June 24, 2004)

      **PLEASE TAKE FURTHER NOTICE**, that any papers in opposition are to served upon the defendant within seven (7) days of the return date above.

Dated: July 16, 2004

                                                        Yours etc.,

                                                        *Lamont Devorce*
                                                        Lamont Devorce, pro se
                                                        Green Haven Correctional Facility
                                                        P.O. Box 4000
                                                        Stormville, New York 12582

CC:    Hon. Jeanine Pirro
          District Attorney, Westchester County
          111 Dr. Martin Luther King Jr. Blvd.
          White Plains, New York 10601
          Attn: Joseph M. Latino, Esq
          Assistant District Attorney



SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                                                                                              **LEAVE APPLICATION**
                                                                                              C.P.L. § 460.15

                       against                                  **Westchester County**
                                                                       Ind. No. 97-0765-02

LAMONT DEVORCE,
                             Defendant-Appellant.
----------------------------------------------------------------X
STATE OF NEW YORK  )
                          )ss.:
DUTCHESS COUNTY  )

    Lamont Devorce, being duly sworn, deposes and says:

    1.) I am the above-named defendant-appellant, and make this affidavit in support of my application pursuant to Criminal Procedure Law § 450.15 and section 670.12(b)(1) of this Court's Rules, for a Certificate granting permission to appeal to this Court from an order of the Supreme Court, Westchester County, (Zambelli, J) dated July 13, 2004, denying defendant's motion to vacate judgment and set aside his sentence pursuant to C.P.L. §§ 440.10, 440.20.

    2.) Defendant moved to set aside his sentence pursuant to C.P.L. § 440.20, on the ground that the trial court, instead of a jury, considered and found facts that exposed him to consecutive sentences, pursuant to Penal Law § 70.25(2), in violation of his constitutional right to a jury trial. See Appendi v. New Jersey, 530 U.S. 466 (2000). Defendant complained that Penal Law § 70.25(2), as applied, is unconstitutional, where it allows a sentencing court to consider facts a jury is required to make in accord with a defendant's right to a jury trial.

    3.) In opposition to defendant's motion, the people argued that a trial court has discretion to impose consecutive sentences. Although, defendant never claimed that consecutive sentences were unconstitutional, the people argued that consecutive sentences were not in violation of Apprendi.

    4.) The trial court denied the motion, without a hearing, finding that "defendant was not sentenced on any count to a term above the statutory maximum ... it has been expressly held

02

that imposing consecutive sentences does not violate Appendi. See United States v. White, 240 F.3d 127, 135 [2d Cir. 2001]." Trial court's Opin. pg. 2

5.) The trial court did not make a meaningful inquiry into defendant's claim that Penal Law § 70.25(2) is unconstitutional, as applied, when it held that consecutive sentences were constitutional. This is because defendant does not claim that consecutive sentences are unconstitutional, so long as a jury finds the required separate and distinct acts. Plus, the trial court's reliance on United States v. White, supra, is also unavailing and misplaced, in light of the Supreme Court's recent decision in Blakely v. Washington, __U.S.__ (2004). In White, the Second Circuit, in rejecting a consitutional challenge to consecutive sentences, held that "we decline to read Appendi so broadly. To read the opinion as the defendant does would be to eviscerate the Sentencing Guidelines ..." Id. at 136.

6.) In the wake of Blakely, federal courts around the country have begun to adjust to the Supreme Court's condemnation of a judge fact-findings to increase a defendant's penalty. This is because Washington State's sentencing scheme was identical to the Federal Sentencing Guidelines. Had the trial court given meaningful inquiry to defendant's claim, it would have taken notice that federal courts have held that in light of Blakely, the Federal Sentencing Guidelines as they stand violate a defendant's right to jury trial. See United States v. Green, (D. Mass, No. 02-10054 (WGY); see also United Stated v. Penaranda, 03-1055; and United States v. Rojas, 03-1062 (2d Cir. 7/12/04)(certifiying questions to the Supreme Court concerning the Sixth Amendment protections from judge fact-finding under Federal Sentencing Guideline).

## Why This Court Should Grant A Certificate To Appeal.

7.) This Court should grant a certificate to appeal to answer the question of, whether Penal Law § 70.25(2), as applied, violates a defendant's Sixth Amendment right to a jury trial, when it authorizes a sentencing court to find and consider facts that separate and distinct acts exist before imposing an increased punishment? It is defendant's position that the Sixth Amendment right to a jury trial is violated, when a sentencing court imposes consecutive

⊘3

sentences, without a jury finding that defendant committed separate and distinct acts.

8.) The procedures in New York State's Sentencing scheme for consecutive sentences for the finding of "separate and distinct acts" necessary to impose an enhanced sentence violate the plain terms of the Apprendi rule. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that any fact that, "if found, exposes the criminal defendant to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the [guilty] verdict alone" must be proved to a jury beyond a reasonable doubt. Id. 483. A court's finding of separate and distinct acts under Penal Law § 70.25(2) has this precise effect. By finding such a fact, a sentencing court may impose a sentence that is longer than the tip of an otherwise mandatory statutory standard sentencing range. Yet, Penal Law § 70.25(2) permits a judge, not juries, to find separate and distinct acts.

9.) In defendant's case, New York Penal Law § 160.15, Robbery in the First Degree, subjected him to a standard range of twelve and one half to twenty-five years based on the facts encompassed by his jury verdict. The trial court, however, found aggravating facts - the commission of separate and distinct acts - that enabled it to impose consecutive sentences, which surpassed the statutory maximum of twenty-five years. In direct violation of the Apprendi. This aggravating fact was neither pleaded in the indictment nor proved to a jury beyond a reasonable doubt.

10.) In People v. Laureano, 87 N.Y.2d. 640 (1996), the Court of Appeals advanced justifications for consecutive sentences, but neither withstands scrutiny. First, the Court held that separate and distinct acts were committed, and before imposing consecutive sentences a court must find these facts. This decision runs contrary to Apprendi and its admonition that labels are irrelvelant in the context of constitutional inquiry required here. Rather, the Supreme Court emphasized in Ring v. Arizona, 536 U.S. 584 (2002), and reaffirmed in Blakely v. Washington, __ U.S. __ (2004), the dispositive question is a functional one: what is the maximum penalty to which the defendant is subjected to, if punished according to the facts reflected in the guilty verdict alone? That penalty, in New York State, is indisputable the upper



limit in the applicable statutory standard range. In this case it is twenty-five years.

### II. Even Apart From A Technical Application of The Apprendi Rule, Several Practical And Structural Aspects Of The Proceedings Below Show Why It Is Vital That This Court Hold Firm To Apprendi's Insistence That Any Fact Necessary To Increase A Defendant's Sentence Be Alleged In Advance And Proven To A Jury Beyond A Reasonable Doubt.

11.) As an initial matter, Apprendi is designed to require that legislatures treat every fact they deem essential to a given prison term with equal gravity. Yet, here, the finding of separate and distinct acts accounted for the increase in the defendant's statutory maximum sentence, while New York State Legislatures rendered that finding subject to the slightest procedural protections. Apprendi is designed to ensure that any finding that subjects a defendant to an additional loss of liberty is made beyond a reasonable doubt - a standard that excludes as nearly as possible the potentiality of an erroneous judgment. Finally, Apprendi is designed to guarantee that someone accused of committing a crime be able to predict with certainty the punishment to which he is exposing himself by going to trial or pleading guilty to an offense charged in the indictment. Yet, here, the trial court, with the State's backing, imposed a sentence of eighteen to forty-five years, a difference of fifteen years longer than the statutory limit for the facts encompassed in the indictment. This enhancement was based on additional circumstances that defendant hotly disputes.

12.) Additionally, Penal Law § 70.25(2), is deceptive to criminal defendants, where it creates an illusion that the defendnant could receive the maximum penalty for which the jury found him guilty of, when in fact, a sentencing court may impose a much greater sentence. This deceptive illusion was created by legislature's failure to provide a procedure for which a defendant can be placed on notice. Thereby enabling a defendant to predict, with certainty, the punishment to which he exposes himself to. Put another way, legislature has failed to ensure that indictments charge evey element that needs to be found beyond a reasonable doubt before imposition of punishment.

13.) The central thrust of Apprendi is that it is wrong to convict someone of a certain crime and then to sentence him as if he actually committed a more serious transgression. Enforcing the Apprendi rule here, will ensure that trial courts may not increase a defendant's



punishment based on allegedly aggravating facts he did not have fair notice of, and that he was not allowed to contest before a jury.

14.) In holding that Penal Law § 70.25(2) usurps the jury fact-finding function, this Court will be protecting a defendant's right to a jury trial, and his right to be punished based on the facts he had fair notice of, and had fairly contested before a jury.

15.) Defendant's motion to set aside his sentence was a serious constitutional attack to Penal Law § 70.25(2), where the defendant's guaranteed right to a jury trial was involved. The trial court, without the benefit of a hearing, thorough research of law, or serious inquiry, denied the motion. Defendant respectfully submits that the case should appropriately be heard, on the mertis, before this honorable court.

**WHEREFORE**, for the foregoing reasons it is respectfully submitted that defendant's application for certificate granting leave to appeal be granted.

Dated: July 16, 2004

_LAMontDeVorce_
Lamont Devorce, pro se

Sworn to before me this
3rd day of August 2004

_[signature]_
Notary Public
**PAUL J BRAUN**
Notary Public State of New York
Qualified in Dutchess County
Commission # 01BR5670658
Commission Expires Dec 23, 2006

06